UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Taylor, derivatively
on behalf of Flagstar Bankcorp, Inc.,

    Plaintiff,

v.

Joseph P. Campanelli, Michael J.
Tierney, Paul D. Borja, Todd M.                Case No. 14-10313
McGowan, Daniel Landers, Matthew           Honorable Sean F. Cox
A. Kerin, Walter N. Carter, Gregory
Eng, Jay J. Hansen, David J. Matlin,
James A. Ovenden, Mark Patterson,
Michael J. Shonka, David J. Treadwell,

    Defendants.

v.

Flagstar Bancorp, Inc.,

    Nominal Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE PURSUANT TO *COLORADO RIVER* DOCTRINE

This is a shareholder derivative case. Plaintiff Kenneth Taylor ("Plaintiff" or "Taylor"), derivatively on behalf of Flagstar Bancorp, Inc. ("Flagstar"), alleges that certain individuals on Flagstar's Board of Directors breached their fiduciary duties to Flagstar, and that Flagstar suffered financial harms as a result.

This matter is before the Court on Defendants' Motion to Dismiss, Or, In the Alternative To Stay (Doc. #11), and Motion to Intervene by State Court Lead Plaintiff Joel Rosenfeld (Doc. #14).

1

The motions have been fully briefed by the parties. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(1), U.S.D.C., E.D. MI. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall GRANT Defendants' Motion to Stay and DENY Joel Rosenfeld's Motion to Intervene as MOOT.

## BACKGROUND

**A.     The Federal Court Case**

Plaintiff in this case is Kenneth Taylor, a Flagstar shareholder. Taylor is a resident of Wyoming. Flagstar is a Michigan-based company.

Taylor brought this shareholder derivative action against Flagstar's Board of Directors after Flagstar entered into a settlement with the U.S. Department of Justice ("DOJ"). The DOJ alleged that Flagstar fraudulently approved residential home mortgage loans for government insurance. (Compl., at 2). The settlement required Flagstar to pay up to $133 million, as well as revise its internal controls and procedures. (Compl. at 2-3).

In his Complaint, Plaintiff alleges the following counts against all Defendants:

(1)    Breach of Fiduciary Duty for Disseminating False and Misleading Information

(2)    Breach of Fiduciary Duties for Failing to Maintain Internal Controls

(3)    Breach of Fiduciary Duties for Failing to Properly Oversee and Manage the Company

(4)    Unjust Enrichment

(5)    Abuse of Control

  (6) Gross Mismanagement

(Compl. at 23-26). Taylor requests the following relief:

  A. Against all Defendants in favor of the Company in the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties;

  B. Directing Flagstar to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect the company and its shareholders from a repeat of the damaging events described herein . . .

  C. Awarding Flagstar restitution from Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the Defendants;

  D. Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

  E. Granting such other and further relief as the Court deems just and proper.

(Compl. at 27).

**B. The State Court Case**

Before Plaintiff brought the present suit, he filed suit in the Oakland County Circuit Court based on the same factual allegations against identical defendants.

Shortly after Taylor had filed his state action, another Flagstar shareholder, Joel Rosenfeld ("Rosenfeld"), filed a derivative action in state court against Flagstar's Board of Directors. Rosenfeld's derivative action was based on the same factual allegations and requested the same relief as Taylor's action.

Rosenfeld moved to consolidate his case with Taylor's, to be named lead plaintiff, and to have his counsel named as lead counsel. (Defs.' Mo. to Dismiss, Doc. # 11, at 5). Taylor objected to both the consolidation and the nomination of Rosenfeld as lead plaintiff.

Judge James M. Alexander in the Oakland County Circuit Court granted Rosenfeld's motion over Taylor's objections. (*See* Op. and Order Re: Mot. for Consolidation, attached to Defs.' Mo. at Ex. A). Rosenfeld then filed a consolidated amended complaint, naming him and Taylor as plaintiffs.

After Rosenfeld filed his consolidated amended complaint, Taylor filed a "withdrawal" with the state court.[1] (Notice of Withdrawal, attached to Defs.' Mo. at Ex. E). Taylor then proceeded to file the present suit in federal court.

### C.     The State Court Consolidated Amended Complaint

The state court consolidated amended complaint contains six counts against the same Defendants that are named in this federal action:

(1)     Breach of Fiduciary Duties for Failing to Maintain Internal Controls

(2)     Breach of Fiduciary Duties for Failing to Properly Oversee and Manage the Company

(3)     Breach of Fiduciary Duties for Disseminating False and Misleading Information

(4)     Gross Mismanagement

(5)     Unjust Enrichment

(6)     Breach of Fiduciary Duties in Connection With Their Abuse of Control

(*See* State Ct. Consol. Amd. Compl., attached to Defs.' Mo. at Ex. F). The state court consolidated amended complaint is based on the same core factual allegations as this action, and requests nearly

---

[1] It is unclear what effect Taylor's "Notice of Withdrawal" had on the state court action, if any, or whether Taylor is still technically a party in that case.

identical relief as Taylor requests here:

>   A.  Awarding against all Defendants and in favor of Flagstar the amount of damages sustained by it as a result of Defendants' breaches of statutory and common law fiduciary duties and gross mismanagement;
>
>   B.  Directing the Special Committee to complete its report by a date certain and furnish to Lead Plaintiff's counsel a copy of the report, together with copies of the documents reviewed and notes of interviews taken by the Special Committee or its counsel;
>
>   C.  Directing Flagstar to take all necessary actions to reform and improve its corporate governance and internal control practices and procedures to comply with applicable laws and best practices and to protect the Company and its shareholders from a repeat of the damaging events described herein…
>
>   D.  Awarding Flagstar restitution from Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the Defendants;
>
>   E.  Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and
>
>   F.  Granting such other and further relief as the Court deems just and proper.

(Defs.' Mo. at Ex. F, pp. 44-45).

**D.   Defendants' Motion to Stay or Dismiss**

Defendants now move to dismiss or stay this federal court case under the *Colorado River* doctrine. (Doc. #11). Defendants claim that the state and federal cases are parallel for purposes of *Colorado River* because the cases arise from the same factual background, allege the same or similar causes of action, and involve substantially similar parties.

Taylor responds that the two cases are not parallel because, according to him, Rosenfeld does not have standing to bring a derivative action against Flagstar's Board of Directors. (Pl. Resp., Doc. # 19).

5

Defendants reply that the issue of standing has already been resolved by the state court, and that the state case will likely resolve all of the claims Taylor has brought in this federal action. (Defs.' Reply, Doc. # 21).

**E.      State Court Lead Plaintiff Joel Rosenfeld's Motion to Intervene**

Rosenfeld has filed a Motion to Intervene in this federal case. (Doc. #14). Rosenfeld argues that the Court should find that he may intervene as of right pursuant to FRCP 24(a)(2) because Rosenfeld has a substantial interest in this litigation that will not be protected absent his involvement. In the alternative, Rosenfeld argues that he should be permitted to intervene pursuant to FRCP 24(b) because there are common questions of law and fact between the state and federal cases, his interests are not adequately protected by Taylor, and no other adequate remedy is available.

Taylor responds, generally, that Rosenfeld is not entitled, and should not be permitted, to intervene because he has not properly complied with Michigan's demand requirement for derivative actions.

## ANALYSIS

**1.      Defendants' Motion to Dismiss Or Stay Pursuant to *Colorado River***

"In *Colorado River*, the Supreme Court noted that, despite the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).

Of course, "[t]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Doe v. Ann Arbor Public School*, 2012

WL 1110015 (E.D. Mich. April 3, 2012) (*quoting Colorado River*, 424 U.S. at 817). There are, however, situations in which a federal court may defer to a parallel concurrent state court proceeding, when the decision to do so is "based on wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*, *citing Colorado River*, 424 U.S. at 817.

"When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 28 (1983). "If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.*

Accordingly, a court should abstain only "in extraordinary and narrow circumstances." *Id.* at 813. Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Crown Equip. Corp. v. Supplies & Servs., Inc.*, 181 F.3d 100 (6th Cir. 1999), *citing Moses H. Cone*, 460 U.S. at 14; *see also Colorado River*, 424 U.S. at 813.

      **a)    Are The State Court And Federal Court Proceedings Parallel?**

For the first step in determining whether a *Colorado River* stay is appropriate, this Court must find that the concurrent state and federal actions are parallel. *See Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984). "[E]xact parallelism is not required; [i]t is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (citations omitted).

Two cases are substantially similar "where (1) the parties are substantially similar, and (2) [Plaintiff's] claims against [Defendants] are predicated on the same allegations as to the same material facts . . . ." *Ann Arbor Public Schools* 2012 WL 1110015 at *3, *citing Romine* at 340.

7

The parties in both proceedings need not be identical, however. *See Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). Rather, "[p]arties with 'nearly identical' interests are considered 'substantially the same' for *Colorado River* purposes." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004).

Here, Defendants argue that the cases are parallel because the parties to this case and the parties to the state court case are substantially similar, the state and federal cases allege the same causes of action, and the state and federal cases are based on the same material facts. (Defs.' Mo. at 1).

The Court finds that the state and federal cases are parallel for purposes of the *Colorado River* doctrine analysis. First, the parties in the two cases, Rosenfeld and Taylor, are substantially similar. As derivative-action plaintiffs, they have nearly identical interests as Flagstar shareholders. Additionally, the named Defendants are identical in both the state and federal cases.

Next, the claims in both cases arise out of the settlement between Flagstar and the United States Department of Justice resolving litigation concerning Flagstar's improper lending practices. Thus, the factual allegations in both cases are nearly identical.

Furthermore, Taylor and Rosenfeld allege the same six causes of action against the same defendants. For example, Count One in the state court action and Count Two in this action are both entitled "Breach of Fiduciary Duty–Failure to Maintain Internal Controls." Count Two in the state case and Count Three in the federal case are both entitled "Breach of Fiduciary Duty–Failure to Oversee and Manage Company." The remaining causes of action in this case are extremely similar, if not identical, to the other causes of action alleged in the state case.

Finally, Taylor and Rosenfeld request the same relief in both cases. For example, they both

ask for restitution in favor of Flagstar, reform of control policies, and costs and attorneys' fees.

Taylor argues that this case is not parallel to Rosenfeld's case in state court. Taylor claims that because Rosenfeld does not allege that his demand was wrongfully refused or ignored by the board of directors before he filed suit, Rosenfeld has no legal standing to file a derivative suit and the state court case will be dismissed. (Pl.'s Resp. at 3-5). Therefore, Taylor argues, the state court action will not adequately dispose of all of his claims.

The Court finds this argument without merit. Judge Alexander in Oakland County Circuit Court has already held that Rosenfeld satisfied the demand requirement and may proceed with his derivative action on behalf of Flagstar's shareholders. That issue has already been settled in the state court and is immaterial to whether the state and federal cases are parallel. (*See* Defs.' Reply at Ex. A, pp. 3,4).

Based on the foregoing, the Court concludes that the state and federal cases are parallel.

**b)      Do The *Colorado River* Factors Weigh in Favor of Abstention?**

Having determined that the state and federal proceedings are parallel, this Court must address the *Colorado River* factors and determine whether they favor abstention in this case. In determining whether to invoke *Colorado River* abstention, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-41 (internal citations omitted).

9

"Additionally, courts considering application of *Colorado River* abstention may consider an attempt by a litigant to shop for a more receptive forum . . ." *Cherry Ridge, LLC v. Canton Charter Twp.*, 2013 WL 5651423 (E.D. Mich. Oct. 15, 2013) *reconsideration denied*, 2013 WL 5796174 (E.D. Mich. Oct. 28, 2013), *quoting Preston v. Eriksen*, 1997 WL 14418 at n.3 (6th Cir. 1997).

The Court should also consider the availability of complete relief in the state court. *Heitmanis*, 899 F.2d at 528, *citing Moses H. Cone*, 460 U.S. at 26-27. "These factors do not compose a mechanical checklist . . . they require a careful balancing of the important factors as they apply in a given case." *Crown Equip.*, 181 F.3d at *2, *quoting Moses H. Cone*, 460 U.S. at 1.

### 1. Has the state court has assumed jurisdiction over any property?

The state court has not assumed jurisdiction over any *res* or property. Thus, the Court finds that this factor is "inapposite to the instant matter because no property is at issue." *Romine*, 160 F.3d at 341.

### 2. Is the federal forum less convenient to the parties?

Defendants argue that this factor weighs in favor of abstention, "albeit not overwhelmingly," because the Oakland County Circuit Court in Pontiac, Michigan is a more convenient forum to litigate these claims than this federal court located in Detroit, Michigan. Plaintiff argues that the two locations are equally convenient, so this factor weighs against abstention.

Plaintiff resides in Wyoming, but his counsel is located in Oakland County. Defendants' attorneys' offices are all located in Oakland County. Thus, presumably, Oakland County is a slightly more convenient forum than Detroit, Michigan. The Court finds that this factor weighs slightly in favor of abstention.

### 3. Will abstention avoid piecemeal litigation?

10

"Avoidance of piecemeal litigation," which is the third *Colorado River* factor, is often the most important factor in the analysis. *See Moses H. Cone*, 460 U.S. at 16. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. Defendant contends that this factor weighs in favor of abstention.

Plaintiff argues that there is no risk of piecemeal litigation, that the prevention of duplicative litigation is not to be considered in abstention analysis, and that multiple derivative actions can coexist in state and federal court.

Here, the Court finds that the danger of piecemeal litigation is substantial. This case is not merely "duplicative" of the state court litigation, and the state and federal cases are not merely coexistent derivative actions. A comparison of the Verified Consolidated Shareholder Derivative Complaint filed in state court (Def. Ex. F) and the Verified Shareholder Derivative Complaint filed here (Def. Ex. G) shows that the causes of action are nearly identical, the underlying facts are nearly identical, and the named Defendants are identical. Therefore, it is possible that Defendants could be subject to wholly inconsistent judgments if the state and federal cases proceed simultaneously. Such an outcome would constitute a waste of judicial resources and would undermine the credibility of the judicial system. Therefore, the Court finds that this factor weighs heavily in favor of abstention.

### 4. Does the order in which jurisdiction was obtained favor abstention?

Defendants note that the state court obtained jurisdiction nearly five months earlier than did this Court. Plaintiff concedes that the state court obtained jurisdiction first, but argues that the two cases have not "progressed beyond the filing of the respective operative complaints."

11

The Court finds that Plaintiff's contention is factually inaccurate. The federal case here has barely progressed beyond the pleading stage, but Defendants represent that Rosenfeld and the Special Litigation Committee were ordered by the state court to engage in facilitation on March 4, 2014. (Defs. Br. at 8). On that basis, the state court litigation has made measurable progress, in contrast to this federal litigation.

Even so, the progress of the actions is a separate and distinct consideration in the *Colorado River* analysis. Thus, because it is agreed that the state court obtained jurisdiction before this Court, this fourth factor weighs in favor of abstention.

### 5. Does federal or state law govern the claims?

Defendants claim that this factor weighs in favor of abstention because all of Plaintiff's claims are governed by state law, and "a state court's expertise in applying its own law favors a *Colorado River* stay." (Def. Br. at 16, *quoting Day v. Union Mines, Inc.*, 862 F.2d 652, 660 (7th Cir. 1988)). Plaintiff responds that the federal court is capable of deciding routine issues of state law, such as those found here, so this factor does not favor abstention.

This Court finds Defendants' position persuasive. The state court case is being litigated in the new Business Court division of the Oakland County Circuit Court. While the Court agrees that this federal court is entirely capable of adjudicating issues of Michigan state law, the Oakland County Circuit Court, Business Division, likely has more experience in applying Michigan law to shareholder disputes. Thus, the Court finds that this factor weighs in favor of abstention.

### 6. Will the state court action adequately protect the federal plaintiff's rights?

Defendants argue that the state court will adequately protect Plaintiff's rights because the Business Court has "specialized procedures that render it particularly well-suited to provide timely and adequate relief, if appropriate." (Def. Br. at 17). Defendants point out that Plaintiff originally filed his case in state court even though he had the option to file in federal court, implying that Plaintiff knows that the state court forum is adequate.

Plaintiff responds that he no longer believes the state court is adequate because "the State Court's appointment of Rosenfeld as lead plaintiff all but extinguished Taylor's right to argue that the Taylor Demand was wrongfully ignored in the State Court." (Pl. Resp. at 18). Plaintiff further argues that Rosenfeld lacks standing to prosecute the shareholder derivative action because he does not allege that he issued a demand on the Board of Directors and that demand was wrongfully refused. (Pl. Resp. at 18).[2]

First, neither the Michigan statute that sets forth the demand requirement, nor any of Plaintiff's cited case law, supports the notion that a derivative plaintiff's demand must be wrongfully refused before that plaintiff can file a shareholder derivative suit. Rather, the statute simply provides that the plaintiff must serve the demand and wait ninety days. *See* M.C.L. 450.1493a. Both Plaintiffs have complied with this statute, as far as the record shows.

---

[2] The Michigan statute governing demand provides that "[a] shareholder may not commence a derivative proceeding until all of the following have occurred:

(a) A written demand has been made upon the corporation to take suitable action.

(b) Ninety days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

M.C.L. 450.1493a.

Additionally, Judge Alexander, who presides over the state court action, has already held that Plaintiff Rosenfeld has satisfied the demand requirement, and therefore has standing to pursue derivative claims on behalf of Flagstar's shareholders. Thus, the Court finds Plaintiff's heavy reliance on Rosenfeld's purported "lack of standing" unpersuasive, as there is no factual basis for concluding that Rosenfeld lacks standing to prosecute the shareholder derivative claims against Flagstar's Board of Directors.

Further, Plaintiff has come forth with no other evidence or argument indicating that the state court will inadequately adjudicate the Flagstar shareholders' derivative claims. On this basis, the Court finds that the state court is an adequate forum, and this factors also supports abstention.

### 7. Does the relative progress of the proceedings favor abstention?

Defendants argue that this factor slightly supports abstention because this federal action was filed in January of 2014, whereas the state court action was filed in August of 2013. (Defs. Br. at 17-18). Moreover, Defendants claim that the state court judge has ordered the parties to engage in facilitation, that a facilitator has been chosen and evidence has been exchanged, and that a facilitation date of March 4, 2014 was chosen. Plaintiff does not dispute these facts. The Court finds that this factor weighs in favor of abstention.

### 8. Is there concurrent jurisdiction over the claims?

Finally, the eighth factor looks to whether the federal and state court have concurrent jurisdiction. It appears undisputed that they do. This factor weighs in favor of abstention. *See Highland Park, LLC v. Golden*, 20090WL 1704669 at *3 (E.D. Mich. 2009) (Cox, J.), *citing Bates v. Van Buren Township*, 122 Fed. App'x 803, 807 (6th Cir. 2004).

Because the state and federal cases are parallel (indeed, nearly identical), and because nearly

14

all of the *Colorado River* factors weigh in favor of abstention, the Court shall GRANT Defendants' Motion to Stay Pursuant to *Colorado River*.

        **c)**       **Should the Court stay or dismiss Plaintiff's case?**

Defendants argue that the Court should dismiss, rather than stay, Plaintiff's case, because Plaintiff is guilty of forum shopping and because the state court litigation will effectively dispose of all of Plaintiff's claims. Plaintiff did not respond to this argument.

Although the Court agrees that the state court case will likely be dispositive of Plaintiff's claims, the Court must stay Plaintiff's case. The Sixth Circuit has expressly held that when a court invokes *Colorado River* abstention, a stay, rather than dismissal, is the "preferred course of action." *Timeco Mach. Works v. S&M Machinery Sales* Corp., 2014 WL 1308511 at *4 (E.D. Mich. Mar. 31, 2014) (Rosen, J.), *citing Bates v. Van Buren Township*, 122 Fed. App'x 803, 808-90 (6th Cir. 2004) ("We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.").

**2.**       **The Court Shall Deny Joel Rosenfeld's Motion to Intervene As Moot.**

The purpose of a *Colorado River* stay is to allow the state court to adjudicate the claims before it so that judicial resources are not wasted and inconsistent outcomes are avoided. Because the state and federal cases are nearly identical, the state court will likely dispose of all of Plaintiff's claims. Thus, once the state court litigation is complete, this Court will have nothing more to do but dismiss this case.

On that basis, the Court need not decide whether Rosenfeld should be allowed to intervene in this case. This action will be stayed while Rosenfeld's derivative claims are adjudicated in state court. Once Rosenfeld's claims are fully adjudicated by the state court, he will have no reason to

be party to this case. Therefore, the Court shall DENY Rosenfeld's Motion to Intervene as MOOT.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Stay (Doc. #11) and DENIES AS MOOT Joel Rosenfeld's Motion to Intervene (Doc. #14).

Defendants are ORDERED to file a Notice of Status of State Court Proceedings once every six (6) months until the parallel state court action has been fully adjudicated.

Defendants are further ORDERED to file a Notice of Completion of State Court Proceedings as soon as the parallel state court action has been fully adjudicated.

**IT IS SO ORDERED.**

                                                             S/Sean F. Cox  
                                                             Sean F. Cox  
                                                             United States District Judge

Dated: June 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2014, by electronic and/or ordinary mail.

                                                             S/Jennifer McCoy  
                                                             Case Manager